IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RHEUBEN CLIFFORD JOHNSON,

                **Petitioner,**

      v.                                                    CASE NO. 24-3112-JWL

**JEFF ZMUDA,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Rheuben Clifford Johnson, who is a former Kansas inmate now on postrelease supervision. (Doc. 1.) This is Petitioner's second attempt at obtaining relief under § 2254 from his 2013 state-court convictions. Highly summarized, Petitioner filed his first § 2254 petition in April 2019. *See Johnson v. Schnurr*, Case No. 19-3076-JWL. The respondent in that matter eventually filed a response to the petition and provided the relevant state-court records and Petitioner filed a traverse. But in May 2022, United States Senior District Judge Sam A. Crow dismissed the matter without prejudice, finding that the interests of comity and federalism were best served by allowing the related state-court proceedings under K.S.A. 60-1507 "to conclude before this court considers a petition under § 2254." *Id.* at Doc. 71, p. 5-6.

Petitioner filed the petition that initiated the case now before this Court on July 3, 2024. (Doc. 1.) Therein, he acknowledges that the K.S.A. 60-1507 case is currently on appeal in front of the Kansas appellate courts under case number 127,021. (Doc. 1, p. 4.) He further advises that he has asked his appellate attorney to move for a stay of that appeal so that this Court may resolve the constitutional issues in this federal habeas matter. *Id.* at 42. Petitioner asserts that "[t]he likely

1

result" of the state appeal "is a reversal based upon non-constitutional issues. That means a new trial, but that cannot happen until constitutional issues are resolved by this Court." *Id.*

The Court disagrees with Petitioner's assertions regarding the effects of the K.S.A. 60-1507 proceedings. If Petitioner is successful in his K.S.A. 60-1507 and obtains a reversal of his convictions and a new trial, this Court will have no authority to consider a § 2254 petition challenging the reversed convictions. *See Hayes v. Evans*, 70 F.3d 85, (10th Cir. 1995) (holding § 2254 must be dismissed as moot when the challenged state conviction was reversed by state appellate court prior to a decision in the § 2254 action); *Cheatham v. Cline*, 543 Fed. Appx. 775, 777 (10th Cir. Oct. 23, 2013) (unpublished order) (citing *Hayes* and explaining that "reversal of a [state] conviction moots the [federal] habeas claim"). Moreover, the Court agrees with Judge Crow's reasoning that the interests of comity and federalism support allowing the K.S.A. 60-1507 proceedings to become final before this Court addresses the merits of the § 2254 action.[1]

That being said, material circumstances have changed since the 2022 dismissal of Petitioner's first § 2254 action. At this point in time, Petitioner is no longer incarcerated and is reaching the end of his term of postrelease supervision. To succeed in this federal habeas action, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). "The custody requirement is jurisdictional," *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009), and "is determined as of the time the habeas petition is filed," *Dickey v. Allbaugh*, 664 Fed. Appx. 690, 692 (10th Cir. 2016). Petitioner's

---

[1] Despite Petitioner's continued arguments to the contrary, the Court finds that the grounds raised in the K.S.A. 60-1507 proceeding are sufficiently related to the grounds raised in this § 2254 matter that comity and federalism require this Court to refrain from addressing the § 2254 on its merits until the currently pending appeal is complete. To be clear, this decision is not based upon exhaustion requirements; the Court understands Petitioner's argument that all of the § 2254 claims have been raised to the Kansas appellate courts. Nevertheless, as Judge Crow explained in his order of dismissal, the currently asserted grounds for federal habeas relief and the grounds asserted in the current K.S.A. 60-1507 proceeding are related to the extent that this Court should allow the state proceedings to conclude. *See Johnson v. Schnurr*, Case No. 19-3076-JWL, Doc. 71, p. 4-6.

2

current status on postrelease supervision satisfies the custody requirement. *See id.* at 693. But once the sentence has fully expired, Petitioner will no longer be "in custody" and this Court will lack jurisdiction over any § 2254 action filed at that time. *See Alaska v. Wright*, 593 U.S. 152, 154 (2021) ("[A] habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired.'"). Therefore, dismissing this matter without prejudice to refiling after the state-court proceedings are final would effectively bar Petitioner from seeking federal habeas relief in the event that his state-court efforts to overturn his convictions are unsuccessful.

In light of these circumstances, this Court is inclined to stay these proceedings until the K.S.A. 60-1507 proceedings in state court are final. A stay will ensure that the Court retains jurisdiction over Petitioner's § 2254 claims, since the jurisdictional custody requirement is determined at the time of filing.[2] In addition, since the relevant state-court records were filed in Petitioner's previous § 2254 action, as were an answer and a traverse[3], the Court is optimistic that when the stay of this matter is lifted, this matter will proceed to final resolution efficiently and quickly. Petitioner will be granted time in which to file a response to this order, in writing, advising the Court that he consents to the stay or showing cause why the stay should not be imposed.

As a final note, Petitioner has named Jeff Zmuda, Secretary of the Kansas Department of Corrections, as Respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states: "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Generally

---

[2] Moreover, the United States Supreme Court has held that "a habeas petition challenging a conviction isn't mooted by a prisoner's release from incarceration because the Court is 'willing to presume' that the fact of conviction 'has continuing collateral consequences.'" *See Prost v. Anderson*, 636 F.3d 578, 582 n.3 (10th Cir. 2011) (quoting *Spencer v. Kenma*, 523 U.S. 1, 7-8 (1998)). Thus, staying this matter does not appear to pave the paw for it to later be found moot based on the expiration of Petitioner's sentence.

[3] The Respondent in this matter will be given time to file an answer and will not be held to the previously filed answer; the Court merely hopes that preparation of the answer in this matter will be expedited by the answer filed in the previous case.

speaking, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held" because the warden is the "person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). But Petitioner is not incarcerated in a facility.

The 1976 Advisory Committee Notes for Rule 2 explain that if "[t]he applicant is on . . . parole due to the state judgment he is attacking[, t]he named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." In Kansas, the prisoner review board, which replaced Kansas' "parole board," is "administered under the supervision of the secretary or corrections," who appoints the three members of the board, all of whom "serve at the pleasure of the secretary." *See* K.S.A. 75-52,152; *see also* 2012 Kan. Laws ch. 16, § 14 (substituting "prisoner review board" for "parole board"). Thus, Jeff Zmuda appears to be a proper respondent to this action. Petitioner is directed to provide to this Court the name of the officer responsible for supervising him during the term of postrelease supervision so that individual may also be added as a respondent in this matter. Petitioner may include this information in the written response he files regarding whether this matter should be stayed.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **August 1, 2024** in which to respond, in writing, to this order and provide the information detailed herein.

**IT IS SO ORDERED.**

DATED:   This 17th day of July, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
