IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RHEUBEN CLIFFORD JOHNSON,**

                **Petitioner,**

v.                                                               CASE NO. 24-3112-JWL

**JEFF ZMUDA, et al.,**

                **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Rheuben Clifford Johnson, who is on postrelease supervision related to a Kansas state conviction. It comes before the Court on Petitioner's response to the Court's July 17, 2024 memorandum and order (M&O) regarding whether this matter should be stayed pending a final resolution of Petitioner's ongoing state court proceedings under K.S.A. 60-1507. The Court has carefully considered Petitioner's response and, for the reasons explained below, will stay this federal habeas matter until the completion of the state court proceedings.

In the response, Petitioner first advises that he prefers to stay the 60-1507 proceedings rather than stay this federal habeas matter. (Doc. 4, p. 1-3.) As previously stated, this Court has concluded "that the interests of comity and federalism support allowing the K.S.A. 60-1507 proceedings to become final before this Court addresses the merits of the § 2254 action." (Doc. 3, p. 2.) Although Petitioner was given the option in his previous federal habeas matter to stay the 60-1507 proceedings and proceed in federal court under § 2254, the undersigned does not believe

that allowing Petitioner that option at this point would serve the interests of comity or justice.[1]

Petitioner correctly points out that he is not required to argue ineffective assistance of counsel in a 60-1507 before filing a § 2254 petition that does not include the same ground. (Doc. 4, p. 2.) But Petitioner's current § 2254 petition contains grounds that are sufficiently related to grounds for relief asserted in the 60-1507[2] that this Court has concluded that the interest of comity requires that this matter be stayed until the 60-1507 is final.

It appears from Petitioner's filings in this matter that he may be considering dismissing his 60-1507 appeal in order to proceed in this § 2254 action. Although Petitioner may conduct his state court proceedings as he wishes, he is cautioned that if he dismisses his 60-1507 appeal, he does so at his own peril. This Court will not speculate about the future acts of the state courts, but notes that if Petitioner dismisses his current 60-1507 appeal, he may be statutorily prohibited from seeking relief under 60-1507 in the future. In addition, the voluntary dismissal of the current 60-1507 could affect this Court's ability to examine certain claims in the § 2254 due to the doctrines of exhaustion and procedural default. The Court strongly suggests that Petitioner complete the 60-1507 proceedings before proceeding in this § 2254.

Petitioner also identifies in his response multiple "[p]roblems with a stay of the 2254." (Doc. 4, p. 2.) First, he reiterates that if he is successful in his 60-1507 appeal and his convictions are reversed or vacated, this Court will lose jurisdiction over this § 2254. (Doc. 4, p. 2-3.) Petitioner

---

[1] The Court recognizes Petitioner's frustration with the length of time the 60-1507 proceedings have taken. (*See* Doc. 4, p. 3.) At this point in time, however, it has been assigned state appellate Case No. 127,021 and Petitioner's appellate brief is due on August 21, 2024. Thus, it appears that the state court appeal is proceeding properly and this Court does not anticipate further delays.

[2] As one example, Petitioner argues to this Court in Ground Five of his § 2254 petition that "[t]he trial court violated Johnson's Fourth and Sixth Amendment rights by allowing the State to use illegally obtained evidence, which came from Missouri where solicitation is not illegal. This also violated his Fifth Amendment rights." (Doc. 1, p. 27.) The list of "[g]rounds raised in 60-1507" provided by Petitioner includes Ground 4, which asserts that the "[t]rial court erred[ when it] failed to suppress illegally obtained evidence on its own accord." (Doc. 1, p. 44.) The argument on these grounds are also similar. *Compare Johnson v. Schnurr*, Doc. 57-1, p. 15 *with* (Doc. 1, p. 27).

further asserts that because the Kansas appellate courts have already rejected his constitutional arguments, any new trial would include the same constitutional violations that allegedly occurred during his first trial. *Id.* Thus, Petitioner concludes, "[t]he only way a stay of the 2254 is helpful is if Johnson loses his 60-1507." *Id.* at 3.

First, Petitioner is correct that if his current convictions are vacated or reversed, this Court will lose jurisdiction over the current § 2254. This is because—simply put—when a § 2254 petition is granted, the conviction or convictions at issue are vacated. *See Armendariz v. Vigil*, 834 Fed. Appx. 454, 455-56 (10th Cir. Nov. 4, 2020) (unpublished) (noting that when the § 2254 petition was granted, the related conviction was vacated). If the state court has already reversed or vacated the convictions at issue, any relief this Court could grant in a § 2254 would be meaningless.

That does not mean, however, that if Petitioner is successful in his state court efforts to overturn his convictions, he will be without an avenue by which to assert and seek redress based upon the constitutional violations he alleges occurred. This Court will not speculate on the success of a civil rights action brought by Petitioner under 42 U.S.C. § 1983 in the event that his convictions are overturned by the state court, the Court merely points out that this avenue would remain for Petitioner to pursue damages. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[I]f the district court determines that the plaintiff's [civil rights] action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) ("When the [42 U.S.C.] § 1983 claim is based on an allegedly unconstitutional conviction or other harm that, if determined to be unlawful, would render a conviction or sentence invalid, accrual is delayed until the conviction or sentence has been invalidated."); *Bledsoe v. Jefferson County, Kan.*, 275 F. Supp. 3d 1240, 1257 (D. Kan. 2017)

3

("The rule in *Heck v. Humphrey* would have precluded plaintiff's [civil rights] claims if he had tried to bring them before his conviction was overturned. Plaintiff's claims thus did not accrue until the state court overturned his conviction."). Thus, the Court is not persuaded that staying this § 2254 action would deny Petitioner an avenue for federal consideration of the constitutional violations he alleges he suffered.

Second, this Court will not speculate about whether the State would choose to retry Petitioner if his current convictions are vacated or reversed, whether the alleged constitutional violations would occur in any retrial, or whether Petitioner would ultimately be convicted or acquitted. The Court notes, however, that if Petitioner is retried and convicted and if he is then held in custody pursuant to a new conviction, the custody and timeliness requirements for any future § 2254 petition would attach to the new state court judgment. *See Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009) (explaining that the "judgment" in the context of a § 2254 proceeding is the sentence).

**IT IS THEREFORE ORDERED THAT** this matter is **STAYED** pending completion of the related state-court proceedings under K.S.A. 60-1507. Petitioner is directed to file a written status report with this Court on or before **December 6, 2024** advising on the progress of the state court proceedings. At that time, this Court will issue further orders as necessary.

**IT IS SO ORDERED.**

DATED:   This 6th day of August, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge