**FILED**
**U.S. District Court**
**District of Kansas**
07/13/2026

**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RHEUBEN CLIFFORD JOHNSON,

**Petitioner,**

v.                                                      **CASE NO. 24-3112-JWL**

JEFF ZMUDA, ET AL.,

**Respondents.**

## MEMORANDUM AND ORDER

This matter began on July 3, 2024, when Petitioner Rheuben Clifford Johnson, who was on postrelease supervision at the time, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On August 6, 2024, this Court stayed this case and held it in abeyance pending completion of a related state-court case proceeding under K.S.A. 60-1507. (Doc. 5.) For the reasons stated below, the stay will be lifted and Petitioner will be granted time in which to file a complete and proper amended petition or, if he prefers, to notify the Court in writing that he does not intend to do so.

### Background

In 2013, a jury in the District Court of Johnson County, Kansas, convicted Petitioner of two counts of solicitation of premeditated murder and acquitted him of a third count of the same crime. (Doc. 1, p. 1.) The state district court sentenced him to 132 months in prison. *Id.* Petitioner pursued a direct appeal and, in October 2017, the Kansas Court of Appeals ("KCOA") affirmed. *See id.*; *State v. Johnson*, 2017 WL 4558235, *13 (Kan. Ct. App. Oct. 13, 2017) (unpublished) (*Johnson I*), *rev. denied* Aug. 31, 2018. The Kansas Supreme Court ("KSC") denied the subsequent petition for review in 2018 and the United States Supreme Court denied the related petition for

writ of certiorari on March 18, 2019. *See Johnson v. State*, 2025 WL 2886597, * (Kan. Ct. App. Oct. 10, 2025) (unpublished) (*Johnson II*), *rev. denied* Apr. 14, 2026; *see also Johnson v. Kansas*, 139 S. Ct. 1358 (2019) (denying petition for writ of certiorari).

On April 29, 2019, Petitioner filed in this Court a petition for writ of habeas corpus challenging his state convictions under 28 U.S.C. § 2254. *See Johnson v. Schnurr*, 2022 WL 1641331, *1 (D. Kan. May 24, 2022) (*Johnson III*) (unpublished). That case will be referred to in this order as "the first federal habeas case." While the first federal habeas case was pending, on December 27, 2019, Petitioner filed a motion in Johnson County District Court for state habeas relief under K.S.A. 60-1507, "assert[ing] numerous allegations including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and trial errors." *See Johnson II*, 2025 WL 2886597, at *1. For ease of understanding, this Court will refer to the case began by this motion as the 60-1507 case.

In November 2020, the state district court held a hearing in the 60-1507 case and, from the bench, denied relief. *Id.* A few weeks later, before a written order memorializing the denial was filed, a new district judge was assigned to the 60-1507 case. *Id.* The new judge ruled on several pro se motions Petitioner had filed in the 60-1507 case, including a motion for new counsel. *Id.*

Iin March 2021, United States Senior District Judge Sam A. Crow, who was presiding over the first federal habeas case, ordered the respondent in that action to file an answer to the petition. *See Johnson v. Schnurr*, Case No. 19-3076, Doc. 27. In July 2021, a journal entry recording the November 2020 denial of the K.S.A. 60-1507 motion finally was filed in the 60-1507 case. *Johnson II*, 2025 WL 2886597, at *1. "Even though neither a motion to reconsider nor a notice of appeal were filed by [Petitioner] following the filing of the journal entry, the district court held several more hearings and granted another motion for appointment of new counsel." *Id.* at *2.

Ultimately, in November 2021, Petitioner asked the state district court to stay the 60-1507 case so that he could pursue relief in the first federal habeas case. *Id.*

Before the state district court held a hearing on the motion to stay the 60-1507 case, the respondent in the first federal habeas case filed his answer and Petitioner filed a traverse. *See Id.*; *see also Johnson v. Schnurr*, Case No. 19-3076, Docs. 55 and 68. In May 2022, Judge Crow dismissed the first federal habeas case without prejudice because the interests of comity and federalism were best served by allowing the related state-court proceedings under K.S.A. 60-1507 "to conclude before this court considers a petition under § 2254." *Johnson III*, 2022 WL 1641331, at *3. Petitioner did not appeal the dismissal.

In November 2022, the state district court held a hearing in the 60-1507 case. *Johnson II*, 2025 WL 2886597, at *2. By this point, Petitioner had been released from prison and was serving a period of postrelease supervision. *Id.* "At that hearing, the parties—as well as the district court— expressed their confusion regarding the current status of the K.S.A. 60-1507 motion and what else needed to be done." *Id.* The state district court continued the hearing so it could review the record and later appointed new counsel for Petitioner. *Id.* At a May 2023 scheduling conference, when Petitioner asked again that the 60-1507 case be stayed so he could pursue federal habeas relief, the state district court expressed its uncertainty that it had jurisdiction over the 60-1507 case. *Id.*

The State and Petitioner's counsel in the 60-1507 case briefed whether the July 2021 journal entry should be deemed a final order and, at a hearing on August 18, 2023, the district court ruled that the July 2021 journal entry was indeed a final order, meaning that the district court no longer had jurisdiction over the case. *Id.* Four days later, the state district court filed a written journal entry holding that the case was final and it did "'not have jurisdiction to entertain further motions.'" *Id.* Petitioner appealed, and the KCOA issued an order to show cause why the appeal

3

should not be dismissed for lack of appellate jurisdiction. *Id.* After receiving responses to the show-cause order, the KCOA retained the appeal and allowed the parties to brief the jurisdictional issue for an assigned panel of judges. *Id.*

In late April 2024, before briefs were filed in the KCOA, Petitioner filed in the first federal habeas case a motion for reconsideration of Judge Crow's dismissal. *See Johnson v. Schnurr*, 2024 WL 2091362, \*1 (D. Kan. May 9, 2024) (unpublished). The federal habeas case was reassigned to the undersigned, who denied the motion. *Id.* at \*3. Petitioner filed a second motion to reconsider, in which he corrected the Court's misunderstanding of the procedural history of the 60-1507 case, but on June 5, 2024, the Court again denied Petitioner's request to reopen the first federal habeas case. *See Johnson v. Schnurr*, 2024 WL 2847488 (D. Kan. June 5, 2024) (unpublished). Thus, the first federal habeas case remained closed.

The following month, Petitioner began the case currently before this Court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The petition asserts nine grounds for federal habeas relief from the 2013 state-court convictions, none of which are based on a claim that ineffective assistance of counsel violated Petitioner's Sixth Amendment rights. *Id.* at 6, 15, 19, 22-23, 27, 29, 31, 33, and 37. Over Petitioner's objection, this Court stayed this case on August 6, 2024 and held it in abeyance pending the conclusion of the 60-1507 case. (Doc. 5.)

Since that time, Petitioner has consistently filed status reports regarding the state-court case. (Docs. 6, 8, 10, 12, 14, 16, 18, and 20.) On October 10, 2025, the KCOA issued its opinion in the appeal from the 60-1507 case. *See Johnson II*, 2025 WL 2886597. The panel stated:

> In summary, we conclude that we lack appellate jurisdiction to review the district court's journal entry filed on July 21, 2021, which summarily denied Johnson's K.S.A. 60-1507 motion. Unfortunately, when the statutory deadline expired for the filing of a notice of appeal and no motion to reconsider or similar postjudgment motion was filed, we were deprived of appellate jurisdiction. Consequently, we dismiss Johnson's appeal asserting that the district court erred in

4

summarily denying his K.S.A. 60-1507 motion.

*Id.* at 3.

Petitioner filed a petition for review by the KSC, but the KSC denied the petition on April 14, 2026. (*See* Doc. 20-1, p. 1.) The mandate was issued on April 28, 2026. *Id.* On July 9, 2026, Petitioner filed in this Court a status report advising that the 60-1507 appeal is final. (*See* Doc. 20.) In the status report, Petitioner asks this Court to lift the stay of this federal habeas case. *Id.* at 2. He also asserts his desire and intention "to incorporate all ineffective counsel grounds into this federal 2254" petition. *Id.*

## Analysis

To the extent that the status report seeks to lift the stay of this case, the request will be granted. The stay will be lifted and Petitioner will be granted time to file an amended petition if he chooses to do so. The limited information now before this Court, however, indicates that Petitioner's ineffective assistance of counsel claims may be procedurally defaulted because the KCOA did not consider them on their merits, instead dismissing the appeal for lack of jurisdiction. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that when "the claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court generally will not consider the claim). This Court cannot consider the merits of procedurally defaulted claims unless a petitioner shows either (1) cause and prejudice or (2) that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the procedurally defaulted claims. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

For the "cause and prejudice" exception, Petitioner must make two showings. To demonstrate cause for the procedural default, a petitioner must show that some objective factor

external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S.722, 750 (1991).

For a federal habeas court to consider the merits of a procedurally defaulted claim under the fundamental miscarriage of justice exception, a petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Thus, a petitioner wishing to use this exception must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The Court does not set out this law in an effort to discourage Petitioner from amending his petition. It merely notes that Petitioner seeks a speedy resolution to this federal habeas case and, therefore, Petitioner may wish to consider the legal principles discussed above while deciding whether and how to amend his petition. If Petitioner files an amended petition, the Court will review it under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. At that point, if any grounds for relief plainly appear to not have been properly exhausted in the state courts, Petitioner will be given the opportunity to show cause why they should not be summarily denied.

Under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

6

must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Petitioner the appropriate form and, if Petitioner wishes to do so, he may submit a complete and proper amended petition containing all grounds on which he seeks relief under 28 U.S.C. § 2254.

If Petitioner submits an amended petition, it must be on the court-approved form that will be provided to Petitioner and it must be complete in and of itself. It may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered by the Court. Petitioner must include the case number of this action (24-3112) on the first page of the amended petition. Petitioner must follow the instructions on the required form, including the instruction that he set forth the supporting facts for each ground without including argument or citations to law. Petitioner may attach additional pages to the form, but he should not use the form merely to refer the reader to attached pages or another document.

If Petitioner submits an amended petition on the appropriate form, the Court will review it and issue further orders as necessary. If Petitioner does not wish to file an amended petition at this time, he shall file a notice with this Court advising it of that decision, at which time the Court will direct Respondents to file their answer or answers to the currently controlling petition (Doc. 1). If Petitioner fails to submit an amended petition or a notice consistent with these directions, this case will proceed on the currently controlling petition and the Court will order Respondents to answer.

**IT IS THEREFORE ORDERED** that the status report (Doc. 20) is liberally construed as a motion to lift the stay of this matter and is **granted**. The stay of this matter is lifted. Petitioner is granted to and including **August 13, 2026** to either (1) submit a complete and proper amended petition on the form that will be provided to him; or (2) submit a written notice to the Court stating

that he does not wish to amend his petition. If Petitioner does not timely comply with this order, this case will proceed on the current petition and the Court will order Respondents to answer the petition. The clerk is directed to send Petitioner the required form for filing an amended 2254 petition.

**IT IS SO ORDERED.**

DATED:   This 13th day of July, 2026, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge