**FILED**
**U.S. District Court**
**District of Kansas**
07/30/2026

**Clerk, U.S. District Court**
By:_SND_**Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RHEUBEN CLIFFORD JOHNSON,

        Petitioner,

    v.                              **CASE NO. 24-3112-JWL**

JEFF ZMUDA, ET AL.,

        Respondents.

**MEMORANDUM AND ORDER**

This matter began in July 2024, when Petitioner Rheuben Clifford Johnson, who was on postrelease supervision at the time for a Kansas criminal conviction, filed a pro se petition for writ of habeas under 28 U.S.C. § 2254. (Doc. 1.) The following month, this Court stayed this case and held it in abeyance pending the completion of a related state-court case. (Doc. 5.) The related state-court case is now complete and, on July 13, 2026, the Court lifted the stay of this federal habeas matter and granted Petitioner time in which to either file a complete and proper amended petition or notify the Court in writing that he does not intend to do so. (Doc. 21.) On July 29, 2026, Petitioner filed a notice advising the Court that he does not plan to amend his petition. (Doc. 22.) Accordingly, the Court "will direct Respondents to file their answer or answers to the currently controlling petition (Doc. 1)." (Doc. 21, p. 7.)

The Court has conducted an initial review of the petition (Doc. 1) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that:

1. At the time he filed his petition, Petitioner was a prisoner in the custody of the State of Kansas; and

2. Petitioner demands the reversal of the state-court convictions and sentences for which he was in such custody, and as grounds therefore alleges that he was deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

1

**IT IS THEREFORE ORDERED**

1. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents shall file an answer[1] on or before **August 31, 2026** showing why the writ should not be granted based on the arguments in the petition (Doc. 1). Due to the length of time this case has been pending, the Court does not anticipate granting extensions of this deadline absent exceptional circumstances beyond Respondents' control.

2. That the answer should present:

   a. The necessity for an evidentiary hearing on the grounds alleged in Petitioner's pleading;

   b. Whether any argument therein is barred by a statute of limitations, the failure to exhaust state remedies, or any other procedural bar; and

   c. An analysis of the asserted grounds for relief and any cases and supporting documents relied upon by Respondents in opposition to the same.

Respondents shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondents shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

3. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted to and including **September 30, 2026** to file a traverse—or reply—to the answer, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned for such other and

---

[1] Because there are two Respondents to this habeas petition, they may file separate answers or a single, joint answer, at their discretion.

further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 30th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge